UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JEREMY RUDOLPH ROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00410-JPH-DLP |
| | ) |
| JUSTIN GANT, | ) |
| ADAM LOUDERMILK, | ) |
| DANIEL JOHNSON, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on Plaintiff's Motion for Court Assistance with Providing Trust Account, Dkt. [6]. For the reasons explained below, the motion is **GRANTED**.

Under the Prison Litigation Reform Act of 1995 (PLRA), prisoners qualified to proceed *in forma pauperis* must pay an initial partial filing fee. *See* 28 U.S.C. § 1915(a)(1). That fee is statutorily set as "20 percent of the greater of" the average monthly deposits in the prisoner's account or the average monthly balance of the account over the preceding six months. § 1915(b)(1). To complete payment of the filing fee, prisoners must pay, in monthly installments, "20 percent of the preceding month's income credited to the prisoner's account." § 1915(b)(2). "The initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4), and no monthly installments are required unless the prisoner has more than $10 in his account, § 1915(b)(2)." *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016).

In August 2020, Plaintiff Jeremy Ross ("Mr. Ross"), an inmate at the Vigo County Jail in Terre Haute, Indiana, moved for leave to proceed *in forma pauperis*. (Dkt. 2). In September 2020, this Court denied Mr. Ross' motion as presented because Mr. Ross failed to submit a copy of his trust account statement for the six-month period preceding the filing of his August 6, 2020 complaint, as required by 28 U.S.C. § 1915(a)(2). (Dkt. 5). Mr. Ross was given until October 23, 2020 to submit a copy of his trust account statement. (*Id.*).

In Mr. Ross' currently pending motion, filed in advance of the October 23, 2020 deadline, he asserts that he does not have the financial resources to pay the requisite filing fee in this matter. (Dkt. 6). He also asserts that both he and his wife have made several attempts to acquire a copy of his trust account statement, as required by this Court's Order (*see* Dkt. 5), but Vigo County Jail staff indicated that they are "not able to give inmates copies." (Dkt. 6).

When faced with this situation, the Seventh Circuit has instructed the district court to first evaluate the veracity or significance of the plaintiff's statement that prison officials have refused to provide the required documentation, and if deemed necessary, order the prison to provide the trust account statement to the court. *Bell v. Kay*, 847 F.3d 866, 867 (7th Cir. 2017) (vacating dismissal of prisoner's case due to the district court's failure to assess the truthfulness of plaintiff's assertion that prison officials refused to provide the account ledger to him and the district court's failure to order prison officials to provide the ledger); *see also Goodwill v. Hoffman*, No. 18-

cv-1712-pp, 2019 U.S. Dist. LEXIS 8442, at *3-5 (E.D. Wis. Jan. 17, 2019) (relying on *Bell* and ordering non-party detention center to forward certified copy of plaintiff's six-month trust account statement).

The Court has no reason to doubt the veracity of the statements in Mr. Ross' motion, which was signed under penalty of perjury. The Court further finds that providing Mr. Ross with additional time to continue to request a copy of his trust account statement from Vigo County Jail would be fruitless.

Accordingly, the Court hereby **ORDERS Captain Charley Funk or his designee at the Vigo County Jail** to provide the Court with a certified copy of Mr. Ross' trust account statement or Vigo County Jail's institutional equivalent for the six-month period preceding the filing of this action on August 6, 2020, and to do so **no later than Tuesday, December 15, 2020.** The trust account statement should be submitted to the Clerk of the Court and should reference case number No. 2:20-cv-00410-JPH-DLP.

Upon receipt of the required financial statement, the Court will reassess what initial partial filing fee must be paid, if any, and whether a collection order should be entered to collect the filing fee.

So ORDERED.

Date: 11/25/2020

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email.

JEREMY RUDOLPH ROSS
21498
VIGO COUNTY JAIL
201 Cherry Street
Terre Haute, IN 47807

CAPTAIN CHARLEY FUNK or DESIGNEE
VIGO COUNTY JAIL
201 Cherry Street
Terre Haute, IN 47807