UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JEREMY RUDOLPH ROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00410-JPH-DLP |
| | ) |
| JUSTIN GANT, | ) |
| ADAM LOUDERMILK, | ) |
| DANIEL JOHNSON, | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT AND DIRECTING SERVICE OF PROCESS**

Plaintiff, Jeremy Ross, is a prisoner at the Vigo County Jail. *See* dkt. 1. Mr. Ross filed this 42 U.S.C. § 1983 action against three law enforcement officers with the Terre Haute Police Department. *Id.* He has paid an initial partial filing fee, dkt. 15, and the complaint is ready for screening.

**I.      Screening Standard**

Because Mr. Ross is a prisoner as defined by 28 U.S.C. § 1915A(c), the Court must screen his complaint under 28 U.S.C. § 1915A(b). Under this statute, the Court must dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. The Complaint

Mr. Ross alleges that on March 6, 2020, he was a passenger in a vehicle that was pulled over for a traffic violation. Dkt. 1 at 2. Terre Haute Police Department Officer Justin Gant tried to forcefully pull him out of the vehicle. *Id.* Officer Gant then felt a handgun in Mr. Ross's pocket, yelled "gun," and shot Mr. Ross. *Id.* Officer Loudermilk then shot Mr. Ross through the windshield, and Officer Daniel Johnson shot Mr. Ross from the passenger side. *Id.* at 2–3. Mr. Ross was shot six times. *Id.* at 3. He was then dragged from the vehicle and choked until he was unconscious. *Id.*

Mr. Ross seeks injunctive relief and monetary damages. *Id.* at 4.

## III. Discussion of Claims

Liberally construed, the complaint's allegations are sufficient to plausibly assert a Fourth Amendment excessive-force claim, which **shall proceed** against Officers Justin Gant, Adam Loudermilk, and Daniel Johnson.

No other claims or defendants have been identified in the complaint. If Mr. Ross believes that the Court has overlooked a claim or defendant, he shall have through **April 12, 2021**, to identify those omissions to the Court.

### IV. Directing Service of Process

The **clerk is directed** under Federal Rule of Civil Procedure 4(c)(3) to issue process to defendants Justin Gant, Adam Loudermilk, and Daniel Johnson in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED.**

Date: 3/9/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JEREMY RUDOLPH ROSS
21498
VIGO COUNTY JAIL
201 Cherry Street
Terre Haute, IN 47807

Justin Gant
Terre Haute Police Department
1211 Wabash Ave.
Terre Haute, IN 47807

Adam Loudermilk
Terre Haute Police Department
1211 Wabash Ave.
Terre Haute, IN 47807

Daniel Johnson
Terre Haute Police Department
1211 Wabash Ave.
Terre Haute, IN 47807